# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0756V
### Filed: November 26, 2018
UNPUBLISHED

| | |
|---|---|
| JOSEPH R. BALDWIN,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jessica Anne Olins, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 8, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") causally related to an adverse reaction to the influenza vaccination he received on November 9, 2015. Petition at ¶¶ 1-2, 5-6. On July 23, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 33.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 19, 2018, petitioner filed a motion for attorneys' fees and costs.  ECF No. 39.   Petitioner requests attorneys' fees in the amount of $21,910.90 and attorneys' costs in the amount of $724.68.  *Id.* at 1-2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $22,635.58.

On November 2, 2018, respondent filed a response to petitioner's motion.  ECF No. 40.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On November 7, 2018, petitioner filed a reply.  ECF No. 41.   Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees

and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Discussion

### A. Hourly Rates

Attorney Danielle Strait billed 0.10 hours in 2016 at a rate of $306 per hour. ECF No. 39-1 at 20. The undersigned shall reduce Ms. Strait's hourly rate to the previously awarded rate of $300 for 2016. *See Schultheis v. Sec'y of Health & Human Servs.,* No. 13-0781V, 2017 U.S. Claims LEXIS 759, at *5 (Fed. Cl. Spec. Mstr. June 5, 2017) (setting Ms. Strait's rate for 2016). This results in a reduction of fees in the amount of **$0.60**.

### B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 5 attorneys and 10 paralegals worked on this case, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and updating the same entries on files. For example, the attorneys' and the paralegals list 20 separate entries as reviewing court notifications of filings, totaling 3.3

hours of time.[3] The undersigned shall reduce the request for attorneys' fees by **$235.90[4]**, the total of the duplicated hours at the paralegal rates.

### III.   Attorney Costs

Petitioner requests reimbursement for costs incurred from Maglio Christopher & Toale in the amount of $724.68.  ECF No. 39 at 2.   After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.   Conclusion

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees in the reduced amounts and costs.

**Accordingly, the undersigned awards the total of $22,399.08[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jessica Anne Olins.  Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[6]

---

[3] Examples of these entries include: September 7, 2017 (0.10 hrs EKM) "Review electronic notice. Review Order and update client file. Update case file note." (0.10 hrs AMG) "Review order granting motion to extend and update file re same", May 30, 2018 (0.20 AMG) "Review 15 Week Order and update file re same." (0.20 hrs TO) "Review and analyze Court 15-Week Order for action items, update case file", July 26, 2018 (0.10 hrs AMG) "Review judgment order and request drafting of election; update file re same" (0.10 hrs EKM) "Review electronic notice. Review Judgment and update client file. Update file notes" and September 14, 2018 (0.10 hrs JAO) "Receive notice granting motion to substitute" and September 15, 2018 (0.10 hrs JLL) "Receive and review Clerk's Notice Granting Petitioner's Motion to Substitute. Update file notes."  ECF No. 39-1 at 10, 15, and 17-18.  EKM is paralegal Emily Monahan. AMG is attorney Ann Golski. TO is paralegal Tammie Olagbaju.  JLL is paralegal Jennifer Lally.  JAO is attorney Jessica Olins.  These entries are merely examples and are not exhaustive.

[4] This amount consists of (0.30 hrs x $145 = $43.50) + (1.3 hrs x $148 = $192.40) = $235.90.
[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Chief Special Master